IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNM RAINFOREST INNOVATIONS, § § *Plaintiff*, § § v. § TOYOTA MOTOR NORTH AMERICA, § INC., TOYOTA MOTOR SALES, USA, § INC., and TOYOTA MOTOR § ENGINEERING & MANUFACTURING § NORTH AMERICA, INC., § § *Defendants*. § | CIVIL ACTION NO. 2:23-CV-00424-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Panasonic Automotive Systems Co., Ltd.'s ("Panasonic") Motion to Intervene as Defendant as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, permissibly pursuant to Federal Rule of Civil Procedure 24(b) ("the Motion"). (Dkt. No. 18.) Plaintiff UNM Rainforest Innovations ("Plaintiff") opposes the Motion. (Dkt. No. 35; Dkt. No. 45.) On April 9, 2024, the Court carried the Motion and ordered Panasonic to identify the manufacturer (or manufacturers) of the accused Wi-Fi chips as well as any indemnification agreements existing between Panasonic and any such chip manufacturer. (Dkt. No. 47.) The Court further ordered the parties to file supplemental briefing explaining how these facts impact Panasonic's Motion and Plaintiff's opposition. (*Id.*) The parties have now complied with the Court's order. (Dkt. No. 50; Dkt. No. 52; Dkt. No. 54.) Having considered the original and supplemental briefing, the Court returns to consider the Motion.

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, a prospective intervenor is entitled to intervention as a matter of right if each of the following elements is satisfied:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2017) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)). "Failure to satisfy one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. Of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). However, "[t]he rule 'is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.'" *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (quoting *In re Lease Oil Antitrust Lit.*, 570 F.3d 244, 248 (5th Cir. 2009)).

Even if intervention is not justified as a matter of right, a court may nonetheless grant permissive intervention if the party "[o]n timely motion . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II.     DISCUSSION

In its Motion, Panasonic seeks to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, permissibly pursuant to Federal Rule of Civil Procedure 24(b). (Dkt. No. 18 at 1.) The Court first takes up the issue of Panasonic's mandatory intervention and considers each requirement in turn.

### A.     Mandatory Intervention

#### 1.     Timeliness

The parties do not dispute that Panasonic's Motion was timely. (Dkt. No. 18 at 4; Dkt. No. 35 at 3.) The Court agrees with the parties. The Motion, which Panasonic filed just two months after the Complaint was filed, was timely presented.

#### 2.     Panasonic's Interest in the Action

Panasonic argues that it has a legal interest in this action because it manufactures the accused Infotainment Units in the accused Toyota vehicles and has agreed to indemnify the Toyota Defendants with respect to those accused Toyota vehicles. (Dkt. No 18 at 6.) Therefore, Panasonic contends that it has a clear financial interest in the outcome of this litigation. (*Id.*)

In response, Plaintiff argues that Panasonic does not make the Wi-Fi chips that practice the asserted claim. (Dkt. No. 35 at 2-3, 7.) Plaintiff also points out that Panasonic does not make, use, sell, offer to sell, or import the Accused Products or any subcomponent thereof into the United States, and therefore cannot be accused of infringement. (*Id.* at 5.) According to Plaintiff, Panasonic does not have any interest in this litigation and does not have the right to intervene. (*Id.* at 7.)

In its supplemental briefing, Panasonic informed the Court that NXP Semiconductors N.V. ("NXP") is the sole manufacturer of the accused Wi-Fi chips. (Dkt. No. 50 at 1.) Furthermore, there is no indemnification agreement between Panasonic and NXP. (*Id.*) Panasonic argues that

3

it is therefore the entity with the "most immediate financial interest at stake in this litigation." (Dkt. No. 52 at 2.)

The Court agrees with Panasonic. Since Panasonic has agreed to indemnify the Toyota Defendants in this litigation and cannot thereafter seek indemnification from NXP, Panasonic has a clear financial interest in this litigation. This element is satisfied.

### 3. Impairment of Panasonic's Ability to Protect Its Interests

Panasonic argues that disposition of this action without Panasonic will impair or impede Panasonic's ability to protect its interests because it owes an indemnification obligation to the Toyota Defendants. (Dkt. No. 18 at 6.) In addition. Panasonic argues that Plaintiff's accusations of patent infringement threaten Panasonic's reputation and ability to sell or market its infotainment products to both Toyota and other potential customers in the future. (*Id.*)

Plaintiff responds that Panasonic's indemnity obligation is "voluntary" and "cannot be used to manufacture the right to intervene." (Dkt. No. 35 at 4.) Plaintiff further points out that the purported indemnification agreement between Panasonic and the Toyota Defendants has never been produced.[1] (Dkt. No. 45 at 2.)

Based on the representations made to the Court as to such indemnity agreement, the Court finds that this element is satisfied. As explained above, Panasonic is the entity that will bear the financial responsibility for this litigation. As such, disposition of this action without Panasonic impairs Panasonic's ability to protect its financial interests. Further, the Court agrees that disposition of this case without Panasonic poses a risk of harm to Panasonic's infotainment business, including the loss of its customer base and reputational harm.

---

[1] Toyota and Panasonic are ordered to produce this indemnity agreement to Plaintiff pursuant to the Protective Order herein within five (5) days.

### 4. Inadequate Representation of Panasonic's Interest

Panasonic argues that its interests are not adequately represented by the Toyota Defendants in this case because Panasonic has superior information about the technology compared to the Toyota Defendants and because Panasonic has agreed to indemnify the Toyota Defendants. (Dkt. No. 18 at 7.) In its supplemental briefing, Panasonic notes that the accused functionality is "hotspot/access points and other systems and features" configured to operate with various wireless networking standards. (Dkt. No. 52 at 3.) Panasonic argues that it manufactures the head units included in the Accused Toyota vehicles that allow vehicle owners to connect to Wi-Fi hotspot/access points. Therefore, it has superior knowledge of the specifications and functionality of the chips included in the Panasonic head units. (*Id.*) Panasonic further argues that it has superior knowledge of facts relevant to potential damages, including the costs of the accused NXP Wi-Fi chips, other components included in the Panasonic head units, and the availability of non-infringing alternatives. (*Id.* at 5-6.)

In response, Plaintiff argues that Panasonic lacks first-hand knowledge of the accused functionality, which, according to Plaintiff, is the "Wi-Fi chips' data frame structures." (Dkt. No. 54 at 4.) Plaintiff asserts that the pertinent chip-level functionality will come from the Wi-Fi chip manufacturers by way of subpoena and third-party depositions regardless of whether Panasonic is allowed to intervene. (*Id.*) According to Plaintiff, Panasonic has no unique knowledge of the technology beyond that possessed by the Toyota Defendants. (Dkt. No. 35 at 3.)

The Court agrees with Panasonic. As the manufacturer of the head units that practice the accused functionality of hotspot/access points, Panasonic likely has at least some superior information on the technical specifications of that functionality as compared to the Toyota Defendants. Toyota's knowledge is likely focused primarily on the vehicles themselves. The Court is further persuaded that Panasonic has superior knowledge of issues relevant to potential

damages, such as the cost of the accused Wi-Fi chips and the existence of available non-infringing alternatives. In addition, the Court finds that Panasonic's financial interests in this case may not be adequately represented by the Toyota Defendants, to whom Panasonic has an indemnification obligation. Accordingly, this element is satisfied.

Having found that all the requirements of mandatory intervention are satisfied, the Court finds that Panasonic should be allowed to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). In light of that finding, the Court need not reach the issue of permissive intervention under Federal Rule of Civil Procedure 24(b).

### III.  CONCLUSION

For the foregoing reasons, Panasonic's Motion (Dkt. No. 18) is **GRANTED**. The Court declines to adopt Plaintiff's proposed restrictions on Panasonic's participation in this lawsuit (Dkt. No. 54 at 6). However, given that the Toyota Defendants and Panasonic are represented by the same counsel, the Court orders that the parties are to remain on the existing schedule for this case, without the delay that new counsel might otherwise justify.

**So ORDERED and SIGNED this 9th day of July, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE